UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONICA HALEY, | CASE NO. C09-1494 RSM |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION |
| v. | |
| ALLSTATE INSURANCE COMPANY, INC., a foreign corporation doing business in the State of Washington, | |
| Defendant. | |

This matter comes before the Court upon Defendant Allstate's Motion for Partial Reconsideration. Dkt. #51. Having reviewed Allstate's motion, Plaintiff's response, Allstate's reply and the remainder of the record, and for the reasons set forth below, the Court hereby GRANTS Allstate's Motion for Partial Reconsideration.

## I. BACKGROUND

On May 20, 2010, Allstate moved for summary judgment dismissing Plaintiff's complaint for bad faith and other causes of action in connection with Allstate's handling of Plaintiff's uninsured motorist policy (UM) claim following an automobile accident. Dkt. #11. Upon considering Defendant's motion, the Court granted summary judgment with respect to

Plaintiff's claims for negligence, negligent infliction of emotional distress, violation of Washington's Insurance Fair Conduct Act, violations of Washington's Consumer Protection Act, and breach of contract. Dkt. #44. The sole issue upon which Plaintiff's case was permitted to go forward was whether Allstate acted in bad faith by failing to disclose a second, more favorable Independent Medical Examination (IME) report to the jury in the underlying UM litigation in King County Superior Court, wherein Allstate stood in the shoes of the third-party uninsured motorist.

Allstate moved for partial reconsideration of the Court's order on summary judgment and requested that the Court reconsider the portion of the order denying Defendant's motion. Allstate provided excerpts of the record and portions of the docket in the underlying UM litigation between Allstate and Plaintiff, including evidence of a motion in limine filed by Plaintiff in connection with Dr. James' report. The motion in limine was decided by the state court in Defendant's favor. Dkt. #51. Because the Court was unaware of the previous court disposition regarding Dr. James' report, the parties were ordered to submit additional briefing. Dkt. #s 60, 63.

Based on additional evidence provided by the parties in their briefing on Defendant's Motion for Partial Reconsideration, the Court was made aware of the following facts:

In the underlying UM litigation in King County Superior Court, Plaintiff did not attempt to introduce Dr. James as an expert witness and did not attempt to introduce Dr. James' report as an exhibit. Rather, Plaintiff filed a motion in limine requesting that Plaintiff's counsel be allowed to "mention, refer to, and interrogate concerning the existence of a second IME requested by Allstate." Dkt. #52 Ex. A. Plaintiff's motion acknowledged that a consulting expert opinion could be shielded from the jury, but argued that she had exceptional

circumstances because the second report was "duplicative and harassing" and constituted evidence concerning Allstate's obligation to "pay reasonable and necessary PIP benefits."[1]

Plaintiff's motion in limine was considered by Judge McDermott and the motion was discussed in open court. Arguing before the court, Allstate's counsel told Judge McDermott that Allstate's position was that Dr. James' report was work product:

> [W]e take the position that they're work product with regard to Dr. James… [I]t's under the *Mothershead* ruling under just the straightforward CR 26(b)(4) work product, that is a consulting expert who we chose not to use; and therefore, references to Dr. James should not come into the case.

Dkt. #53 Ex. C-1 at 5. The Court denied Plaintiff's motion in limine, but agreed to revisit the motion once the court had a chance to review the relevant case law. *Id.* at 6. Upon doing so, the Court upheld the prior ruling excluding questioning regarding Dr. James. *Id.* Ex. D. at 15 ("Dr. James is out.").

## II. DISCUSSION

Allstate argues that the issue of whether Dr. James' report should have been admitted at trial is barred under the doctrines of waiver and collateral estoppel, that the outcome of the UM trial would not have changed had Dr. James' report been admitted, and that Allstate properly asserted work product privilege for Dr. James and her report. Dkt. # 51.

Plaintiff argues that collateral estoppel does not apply because the state court did not decide the identical issue of whether Allstate acted in bad faith by failing to disclose the second report. In any case, Plaintiff argues that applying collateral estoppel would work an injustice. Dkt. # 60. Further, Plaintiff contends that she did not waive her bad faith claim by failing to

---

[1] Plaintiff also had MedPay benefits with Allstate through which Allstate paid Plaintiff's medical bills following the automobile accident. The Court granted summary judgment with respect to Plaintiff's bad faith claims in connection with her MedPay policy. Dkt. #44 pp. 7-8.

appeal and that the jury should be permitted to consider whether disclosure of the second IME report would have resulted in greater damages in the underlying UM litigation. *Id.*

## A. Collateral Estoppel

Defendant argues that whether Allstate was permitted to assert work product privilege over Dr. James' report cannot be relitigated in the instant action pursuant to the doctrine of collateral estoppel. The Court disagrees. The Court must apply Washington collateral estoppel law to determine whether plaintiff is estopped from relitigating an issue decided in a prior state court action. *Noel v. Hall,* 341 F.3d 1148 (9th Cir. 2003). To determine whether collateral estoppel should apply, Washington courts look at four factors: (1) whether the identical issue was decided in a prior action; (2) whether the first action resulted in a final judgment on the merits; (3) whether the party against whom preclusion is asserted was a party to that action and (4) whether application of the doctrine will do injustice. *State Farm Mut. Auto. Ins. Co. v. Avery,* 114 Wn. App. 299, 304-05, 57 P.3d 300 (2002). The analysis fails in the instant action based on the first factor alone.

The Court agrees with Plaintiff that she is not estopped from arguing that Allstate acted in bad faith because the identical issue was not decided in the state court action. In the underlying UM litigation, Judge McDermott considered whether Allstate was permitted under Washington law to exclude Dr. James' testimony on the basis of work product privilege. Dkt. #53 Ex. C-1 at 5. In contrast, this Court decided in its Order on Allstate's Motion for Summary Judgment that there was a genuine issue of material fact concerning whether Defendant acted *reasonably* in shielding Dr. James' report from the jury by asserting work product privilege over the report. Dkt. #44 p. 11. The issue of whether Defendant's conduct is lawful is distinct from a determination of whether it was reasonable in the context of an insurance company exercising its

duty of good faith towards its insured. Therefore, plaintiff is not estopped from litigating this issue.

**B. Reasonableness**

While the prior state court ruling does not estopp Plaintiffs from arguing that Defendant's failure to make the second IME report known to the jury constitutes bad faith, it does inform the Court's analysis of whether Allstate's actions were reasonable. To succeed on a bad faith claim, a policyholder must show that the insurer's actions were unreasonable, frivolous, or unfounded. *Smith v. Safeco Ins. Co.*, 150 Wash.2d 478, 484 (Wash. 2003). Here, a state court considered whether Allstate could assert work product privilege over Dr. James' report and determined that Allstate had a legal right to oppose Plaintiff's motion in limine on these grounds. Dkt. #53 Ex. C-1 at 5. Further, the state court explicitly considered the unique posture of the parties relative to one another, with the Plaintiff's own insurance company "sit[ting] in the shoes" of the third-party tortfeasor. *Id.* Under these circumstances, where Defendant was merely exercising a privilege afforded to it under Washington law, that privilege was upheld by a Washington court, and the Washington court was fully appraised of the unusual litigation stance between the parties, there is no basis to determine that Defendant's actions were unreasonable. Thus, the Court reconsiders its previous ruling and finds that reasonable minds could not differ that Allstate's assertion of work product privilege over Dr. James' report was reasonable. *See Smith* 150 Wash.2d at 486 ("The insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds.").

Plaintiff's citation to *Suscavage v. Nationwide Mut. Inc. Co.* is inapposite. *See* 2008 U.S. Dist. LEXIS 43793 (M. D. Penn. June 3, 2008). The *Suscavage* court allowed the plaintiff in a bad faith action to present evidence that, in the underlying insurance arbitration, the Defendant insurance company had specifically procured an expert witness that believed that Plaintiff's

injury, fibromyalgia, could not be caused by trauma. However, the *Suscavage* court was ruling on plaintiff's motion in limine. It was not, as the Court must do here, deciding on a motion for summary judgment that Plaintiff's entire bad faith claim could go forward on that basis alone. More importantly, there is no evidence in *Suscavage* that the Plaintiff challenged the Defendant's method of procuring the witness in the underlying arbitration. Therefore, there is no prior ruling suggesting that the Defendant's actions were reasonable in the first instance.

Because the Court finds that Allstate's assertion of work product privilege was reasonable as a matter of law, it does not reach the remaining issues raised in the parties' briefs. For all of the reasons above, the Court reconsiders its former ruling and GRANTS summary judgment to Allstate on Plaintiff's cause of action for bad faith.

## III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion for Partial Reconsideration (Dkt. #51) is GRANTED. Accordingly, Defendant's Motion for Summary Judgment (Dkt. #11) is GRANTED in its entirety. Plaintiff's claims are dismissed with prejudice.

(2) Defendant's Motions in Limine (Dkt. #46) are STRICKEN AS MOOT.

(3) Plaintiff's Motions in Limine (Dkt. #49) are STRICKEN AS MOOT.

(4) The Clerk is directed to close this case and to forward a copy of this Order to all counsel of record.

Dated December 14, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE